UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                        SOUTHEASTERN DIVISION


IVLE RAY MATNEY,                )
                                )
            Plaintiff,           )
                                )
        v.                       )       No. 1:05CV170(FRB)
                                )
JAMES H. MATNEY, et al.,         )
                                )
            Defendants.          )

                        ORDER AND MEMORANDUM

        This matter is before the Court upon the application of
Ivle Ray Matney (registration no. 533162), an inmate at the
Southeast Correctional Center (SECC), for leave to commence this
action without payment of the required filing fee [Doc. #2].
Also before the Court is applicant's motion for appointment of
counsel [Doc. #4]. For the reasons stated below, the Court finds
that the applicant does not have sufficient funds to pay the
entire filing fee and will assess an initial partial filing fee
of $13.58. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon
a review of the complaint, the Court finds that the complaint
should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

                        **28 U.S.C. § 1915(b)(1)**

        Pursuant to 28 U.S.C. § 1915(b)(1) a prisoner bringing
a civil action in forma pauperis is required to pay the full
amount of the filing fee. If the prisoner has insufficient funds
in his prison account to pay the entire fee, the Court must

assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six month period. See 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. See 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six month period immediately preceding the submission of his complaint. See 28 U.S.C. § 1915(a)(1),(2). A review of applicant's account statement indicates an average monthly deposit of $67.92, and an average monthly account balance of $36.83. Applicant has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $13.58, which is 20 percent of applicant's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the

action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978), cert. denied, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

### The complaint

Plaintiff seeks actual and punitive damages against his brother James H. Matney, his sister-in-law Paulet Matney, his sister Minerva J. (Matney) Carter, and his brother-in-law Jerry Carter. Specifically, plaintiff alleges that his father Ivle B. Mantney promised to leave plaintiff one-third of all his property

upon his death. Plaintiff states that upon his father's death, the defendants divided the property among themselves leaving plaintiff nothing.

## Discussion

Plaintiff's complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Subject matter jurisdiction under 28 U.S.C. § 1332 requires complete diversity of citizenship between plaintiff and each defendant. From the complaint and the attached exhibits, however, plaintiff and the defendants appear to be citizens of the State of Missouri. Additionally, the amount in controversy does not appear to exceed the sum of $75,000.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial partial filing fee of $13.58 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the

4

complaint is legally frivolous or fails to state a claim upon which relief may be granted or both.  See 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 24th day of January, 2006.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**